## Nesler v. Anderson.

(Decided October 19, 1928.)

### Appeal from McCracken Circuit Court.

Automobiles.—In action for injuries to pedestrian struck by automobile when attempting to back away from approaching automobile after starting across the road, conflicting evidence as to whether plaintiff was in place of safety with knowledge of approaching automobile, and thereafter placed herself in place of danger, made question of plaintiff's contributory negligence for jury, and did not show contributory negligence as matter of law.

J. C. SPEIGHT for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Estelle Anderson, a young lady 16 years of age, was struck and injured by an automobile owned and driven by John Nesler. In this action to recover damages for her

injuries, she was awarded a verdict and judgment for $500. Nesler appeals.

The only ground urged for reversal is that appellee was guilty of contributory negligence as a matter of law, and appellant's motion for a peremptory instruction should have been sustained.

Estelle Anderson testified, in substance, as follows: She was coming toward town and was going over to the store. Appellant was coming around the curve. As she started to cross the road he blew his horn. She saw him coming. She had then gone 1 or 2 feet. She then started back and crawled up the bank. She stepped up on the bank, but before she got her other foot up the automobile struck her leg. At the time she had an umbrella, which was not knocked out of her hand. G. Heflin testified that he heard somebody halloa, and on looking around saw the girl going up the bank. When he first saw the girl she was about 10 feet out in the road. A witness, A. Shepherd, testified that when appellant blew his horn he was something like 50 or 60 feet from the girl. At that time she had made 6 or 8 feet. When the horn sounded, she looked up and saw appellant coming. He was then 50 feet from her. She made an effort to cross back, and was going in a circle. When she went back appellant's car hit her. Appellant was driving about 20 miles an hour, and maybe not over 15 miles an hour. On cross-examination he stated that the girl was 6 or 8 feet from the side of the road. E. H. Gilbert testified that he heard appellant blow his horn. He looked up and saw the girl start across the road. When she heard the horn she started back. After going something like 4 or 5 feet from the edge of the road, appellant struck her.

Appellant testified that the girl was coming into the road there. He blew his horn and got pretty near her. He was about 50 or 60 feet from her when he blew his horn. At that time the girl was about 6 or 8 feet out in the road. He was driving about 12 miles an hour. When she wheeled around he cut his car to keep from hitting her. He was on the right side of the road and hit the girl on the leg about the time she got on the bank. Appellant's daughter testified that Estelle was walking out in the road about 4 or 5 feet. About 40 feet from her appellant blew his horn three times. Estelle started across the road. Her father then halloed to her. It scared her, and she jumped and the back wheel hit her.

The argument is that Miss Anderson was out in the road and in a place of safety, and with knowledge of the approaching car put herself in a place of danger. If her witnesses are to be believed, she had not gone far enough to be in a place of safety, but was in the path of the approaching car and sought to get up the bank in order to avoid being struck. In view of the conflict in the evidence, we cannot say that she was guilty of contributory negligence as a matter of law, but are of the opinion that the case was properly submitted to the jury.

Judgment affirmed.